IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Alexander Otis Matthews, Movant/Petitioner, | ) ) ) | |
| v. | ) ) | Case Nos. 1:11cr87 1:11cr348 |
| United States of America, Respondent. | ) ) ) | 1:12cv132 |

## MEMORANDUM OPINION

This matter comes before the Court on petitioner Alexander Otis Matthew's Motion for Reconsideration, filed pursuant to Federal Rule of Civil Procedure 60(b). See Case No. 1:11cr348, Dkt. 71.[1] In the instant motion, petitioner challenges this Court's denial of his Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner has also filed several amendments and supplements to his Motion for Reconsideration. For the reasons that follow, petitioner's Motion will be granted in part and denied in part. His Motion will be granted for the limited purpose of reviewing the merits of one claim raised in his § 2255 motion and not addressed by this Court. It will be denied in all other respects.

Petitioner has also submitted an amendment to his Motion for Reconsideration in which he "seeks an order compelling the district court in [Case No. 1:14cv248] to address and resolve the other five of the claims for relief therein." Dkt. 80, at 2. Petitioner states that the Court erroneously failed to address all of his claims for relief in Case No. 1:14cv248. This request must also be denied, as any motions petitioner wishes to file in Case No. 1:14cv248 must be filed in that case, rather than the instant case.

---

[1] For clarity, all docket entries in this Opinion and the accompanying Order correspond to the entries in Case No. 1:11cr348.

## I. Background

This Court provided a detailed explanation of petitioner's conviction and sentencing in its Order denying petitioner's § 2255 motion, and need not extensively relate these facts a second time. See Dkt. 53. As relevant to the instant motion, petitioner pled guilty to one count of wire fraud and one count of bank fraud in this Court on July 15, 2011. See Dkt. 3. On February 8, 2012, he filed his § 2255 motion, alleging that:

- Trial counsel was ineffective for: (1) failing to adequately advise petitioner during pre-trial proceedings; (2) failing to adequately advise petitioner of his actual sentence exposure; (3) failing to adequately advise petitioner during plea negotiations; and (4) failing to adequately investigate petitioner's case;

- Trial counsel was ineffective for failing to investigate the possibility of disposition without trial;

- Trial counsel was ineffective due to his conflict of interest;

- Trial counsel was ineffective due to "cumulative errors;"

- Petitioner's Due Process rights were violated by the U.S. Attorney's attempt to impede the filing of his § 2255 motion;

- Petitioner's Due Process rights were violated by the introduction of false information at his sentencing.

See Dkts. 13, 15. Petitioner also argued that he was selectively prosecuted based on his race. See Memorandum in Support of Motion to Vacate ("Pet.'s Mem.") [Dkt. 16], at 19-23.

This Court denied petitioner's § 2255 motion on April 17, 2013. Dkt. 53. Petitioner appealed this denial, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal on October 8, 2013. Petitioner then filed the instant motion.

## II. Motion for Reconsideration

In the instant motion, including seven supplemental amendments, petitioner asserts that this Court should grant relief from its prior Order based on the following arguments:

- The errors of his trial counsel and the U.S. Attorney constitute "excusable neglect" under Rule 60(b)1);

- The government and the Court failed to address all claims for relief raised in the § 2255 motion;

- The Court erroneously held that petitioner's claim of false evidence at sentencing was procedurally defaulted;

- The Court applied an incorrect legal standard to determine the merits of petitioner's claim of ineffective assistance of counsel based on a conflict of interest.

See Fed. R. Civ. P. 60(b) Motion ("Mot. for Reconsid.") [Dkt. 71]; see also Dkts. 73-80.

Under Federal Rule of Civil Procedure 60(b), relief is available from a final judgment or an order of a federal court for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner argues that he is entitled to relief under ground (1) and (6), based on the errors of his trial counsel, the U.S. Attorney, and this Court.

## III. Merits

### A. Mistake and Excusable Neglect

Petitioner first argues that the errors of his trial counsel and the U.S. Attorney constitute "excusable neglect or mistake entitling the petitioner to relief under 60(b)(1) and 60(b)(6)." Rule

3

15(a) Amendment to Petitioner's Rule 60(b) Motion ("Pet.'s Am. to 60(b) Mo.") [Dkt. 73], at 2; see also Dkt. 74, 75. However, petitioner is not entitled to relief based on any alleged mistakes or misconduct that occurred at his trial. As petitioner himself points out, a petitioner filing a motion for reconsideration of a § 2255 motion may not use the motion to relitigate the underlying merits of his § 2255 claim. See Fourth Circuit Legal Standard for Rule 60(b) Motions [Dkt. 78] (citing United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003)). Such a motion, raising new constitutional claims regarding his sentence or conviction, is in reality a successive application for collateral relief, and must be dismissed as such. See Winestock, 340 F.3d at 207 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.") Petitioner's allegations that his trial counsel provided incompetent assistance before his conviction and sentencing are substantive claims that formed the basis for his § 2255 motion. They thus raise constitutional challenges relating to his underlying conviction. As this Court previously adjudicated these claims on the merits when it denied petitioner's § 2255 motion, his attempt to have the Court reconsider them is an attempt to file a successive § 2255 motion. Accordingly, the Court cannot consider his claims in a Motion for Reconsideration.

### B. Failure to Address all Claims for Relief

Interspersed through petitioner's Motion for Reconsideration and subsequent supplements is the argument that the government, in its original response to petitioner's § 2255 motion, failed to respond to the merits of each of petitioner's claims. Petitioner also argues that the Court, in denying the motion, failed to properly address the merits of his claims. Petitioner states that the government's failure to deny all of his allegations constitutes default under Federal Rule of Civil Procedure 8(b)(6), Federal Rule of Criminal Procedure 12(e), and Rule 5(b) of the Rules Governing Section 2255 Cases. See Supplemental Claim to Plaintiff's 4/17/14 Rule 15(a)

4

Amendment to Petitioner's Pending Rule 60(b) Motion ("Supp. Amendment") [Dkt. 79]. Petitioner thus appears to claim that he is entitled to relief based on Rule 60(b)(6).

This request must be denied. Federal Rule of Civil Procedure 8 and Federal Rule of Criminal Procedure 12(e)[2] have no bearing on the instant motion, as these rules relate only to pre-trial pleadings. Federal Rule of Civil Procedure 7 defines "pleadings" as "only" a complaint, an answer, a complaint and answer to a cross- or counter-claim, and a reply to an answer. Fed R. Civ. P. 7(a)(1)-(7). Similarly, Federal Rule of Criminal Procedure 12(a) specifies that "the pleadings in a criminal case are the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere." Thus, petitioner's § 2255 motion, to which the government responded, was not a "pleading" to which these rules apply. Petitioner thus is not entitled to any relief based on the government's alleged failure to respond to all claims in his § 2255 motion.

Petitioner's argument that the government's response also failed to comply with Rule 5(b) of the Rules Governing Section 2255 Cases also fails. This provision provides that "the answer [to a § 2255 motion] must address the allegations in the motion." Contrary to petitioner's argument, the government did address all of petitioner's claims for relief in its response to his motion, and the Court considered the merits of every claim. Petitioner listed only four claims of ineffective assistance in his § 2255 motion. See Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") [Dkt. 13] (listing four grounds for relief based on ineffective assistance). The government's response addressed the merits of his four original claims. In his reply to the government's response, petitioner added nine additional claims of ineffective assistance of counsel. See Response to Govt's Response In Opposition to § 2255 Motion [Dkt. 29], at 3-4 (listing thirteen "areas [in which his attorney] Zelloe was ineffective"). As the government was not required to file a sur-response to petitioner's reply, the government had no obligation to

---

[2] Effective December 2014, Fed. R. Crim. P. 12(e) was deleted, and its provisions relocated to Rule 12(c)(3).

5

address petitioner's nine additional arguments of ineffective assistance, which could have been raised in petitioner's § 2255 motion in the first instance. Petitioner's argument that the government failed to comply with Rule 5(b) of the Rules Governing Section 2255 Cases thus fails, and the Court will not reconsider its Order under Rule 60(b)(6).

### C. Ineffective Assistance of Counsel

Petitioner's primary argument in the instant motion is that this Court incorrectly applied the Strickland v. Washington, 466 U.S. 668 (1984), standard to his argument that trial counsel was ineffective due to a conflict of interest. Petitioner argues that this Court should have applied the standard developed in Cuyler v. Sullivan, 446 U.S. 335 (1980), rather than Strickland. He argues that, because of this error, he is entitled to relief under Rule 60(b)(1) and 60(b)(6).

Under Sullivan, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Id. at 349-50 (citing Holloway v. Arkansas, 435 U.S. 475, 487-91 (1978)). Petitioner states that, because he established that his attorney, James Zelloe, operated under a conflict of interest, this Court should have analyzed his claim of ineffective assistance under this standard, rather than Strickland. See Pet.'s Am. to 60(b) Mot. ¶ 4. Accordingly, he argues that this Court erroneously found that petitioner's claim failed because he could not show prejudice as a result of his attorney's alleged errors.

Petitioner's motion for reconsideration must be denied for two reasons. First, petitioner has not shown that Zelloe operated under an *actual* conflict of interest. In order for the Sullivan test to apply, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Sullivan, 446 U.S. at 350; see also Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001) (holding that a petitioner invoking Sullivan must show both an actual conflict of interest and adverse performance). "The possibility of conflict is insufficient to impugn a criminal conviction." Sullivan, 446 U.S. at 350. Petitioner's argument is based on the fact that

6

Zelloe, who represented petitioner from his indictment up until his December 23, 2010 bail revocation hearing, also represented Ms. Farnoush Ahramizadeh, who ended up becoming the government's chief witness against petitioner. See, e.g., § 2255 Motion, at 10. Petitioner argues that Zelloe thus operated under an actual conflict of interest, and was therefore *per se* ineffective. Petitioner offers no support for this conclusory statement, however. While Zelloe's joint representation of petitioner and Ahramizadeh created the potential for a conflict of interest, petitioner has provided no facts to indicate that an *actual* conflict existed, other than a conclusory statement that Zelloe intended to call Ahramizadeh as a witness during petitioner's bail hearing. See Supp. Amendment, Att. 1, at 1-2. However, petitioner offers no support for this argument, and he has made no allegations that Zelloe refused to take any action on petitioner's behalf due to his loyalty to Ahramizadeh, or that Zelloe's actions were in any way influenced by his potentially competing loyalties.

Second, even if petitioner could establish that Zelloe operated under an actual conflict of interest, Sullivan still requires petitioner to show that this conflict of interest adversely affected Zelloe's performance. To show adverse performance, a petitioner must (1) identify some other plausible alternative defense strategy available to his attorney; (2) show that this alternative strategy was objectively reasonable under the circumstances; and (3) establish that his attorney's failure to pursue this alternative strategy is linked to the actual conflict of interest. Mickens, 240 F.3d at 361 (citing United States v. Tatum, 943 F.2d 370, 376 (4th Cir. 1991)). Petitioner offers no facts to show that Zelloe's performance meets any of the prongs of this three-part test. Zelloe did not represent petitioner at conviction or sentencing, and petitioner provides no indication that Zelloe's pre-trial actions were at all influenced by any conflict of interest. Accordingly, petitioner failed to establish that Sullivan, rather than Strickland, applied to his claim. This Court therefore did not err in applying the Strickland test to petitioner's claim of ineffective assistance.

7

### D. Procedural Default

In its denial of petitioner's § 2255 motion, the Court held that petitioner's challenge based on allegedly false information presented at sentencing was procedurally defaulted, as this challenge had to be raised on direct appeal. The Court held that, because petitioner failed to properly preserve this error at sentencing or on direct appeal, the Court was barred from considering it on collateral review. Dkt. 53, at 9. Petitioner now argues that this Court erroneously found that he failed to raise this error at sentencing, and that this Court thus erroneously held that it was procedurally defaulted. He thus argues that he is entitled to relief under Rule 60(b)(1).

However, in petitioner's original § 2255 motion, he challenged only the admission at sentencing of an allegedly false affidavit about his character and religious beliefs. See 1st Amendment to Motion to Vacate, Set Aside or Correct Sentence [Dkt. 15], at 2-4. Petitioner's attorney did not object to the admission of this information at sentencing. In the instant motion, petitioner now attempts to challenge the inclusion in his Pre-Sentence Report of a past conviction for assault and battery. See Mot. for Reconsid., App. F. At sentencing, petitioner's attorney challenged the admission of this conviction, claiming that the evidence was insufficient to support it. See Sentencing Transcript [Dkt. 23], at 9-10. Petitioner did not challenge the inclusion of this conviction in his § 2255 motion, however. Thus, petitioner's attempt to include such a challenge in the instant motion is an attempt to raise a successive challenge to the legality of his conviction and sentence. Petitioner is thus procedurally barred from raising this claim in his Motion for Reconsideration.

### E. Selective Prosecution

Petitioner raised allegations of selective prosecution in his § 2255 motion. He argues that

this Court failed to properly address these arguments in the adjudication of his motion.[3] Petitioner's Rule 60(b) motion will therefore be granted for the limited purpose of addressing these arguments.

On the merits, petitioner's argument that his sentence should be vacated due to selective prosecution must fail. This claim cannot be raised on collateral appeal, as it does not affect the integrity of petitioner's actual criminal trial. Petitioner does not argue that any racially-based reason for prosecuting him, rather than other alleged participants in his crime, rendered his trial fundamentally unfair. He simply argues that he was selectively prosecuted. Thus, any decision by this Court on the merits of his claim would have no effect on the outcome of his actual criminal trial, and therefore cannot be raised in a § 2255 motion.

### IV. Conclusion

For the reasons stated above, petitioner's Motion for Reconsideration will be granted in part and denied in part. His request to add additional claims for relief will be denied. An appropriate Order will issue.

Entered this 10th day of April 2015.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[3] Petitioner also states that the Court erroneously failed to address his claim that the U.S. Attorney violated Brady v. Maryland, 373 U.S. 83 (1963) during his trial. See Mot. for Reconsid. ¶ 3. In petitioner's original § 2255 motion, however, he linked the alleged Brady violation to the introduction of false information at sentencing. See Pet.'s Mem., at 18. Thus, the merits of this claim were effectively addressed by the discussion surrounding the false information at sentencing.